IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NINA MARIE STRICKLAND,
Petitioner,
vs.
ANDRE MATEVOUSIAN, Warden,
Respondent.

No. C 15-3682 CRB (PR)

ORDER TO SHOW CAUSE

Petitioner, a federal prisoner incarcerated at the Federal Correctional Institution in Dublin, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging a sentence imposed by the United States District Court for the Western District of North Carolina.

**BACKGROUND**

On January 28, 2008, petitioner was convicted of interference with commerce by threat or violence in violation of 18 U.S.C. § 1951(b)(1) and (b)(3). She was sentenced as a career offender to 180 months imprisonment. Petitioner did not appeal.

On June 8, 2011, petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in the sentencing court, the United States District Court for the Western District of North Carolina. But the sentencing court denied the § 2255 motion as untimely and the Fourth Circuit affirmed.

On October 23, 2012, petitioner filed a second or successive § 2255 motion in the sentencing court, which was dismissed without prejudice to her obtaining an order from the Fourth Circuit authorizing the filing of a second or successive § 2255 motion. The Fourth Circuit denied authorization to file a second or successive § 2255 motion.

On August 12, 2015, petitioner filed the instant petition for a writ of habeas corpus under § 2241.

## DISCUSSION

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus in behalf of a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (citation omitted).

B. Legal Claims

Petitioner claims that intervening change in the law by the Supreme Court's opinion in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), establishes that she is not a career offender for purposes of the federal career offender enhancement and entitles her to be re-sentenced without the career offender enhancement. Petitioner also claims that she is entitled to habeas relief under § 2241 because § 2255 "is inadequate and ineffective." Dkt. #1 (Pet.) at 5.

/

It is well established that a "federal prisoner who wishes to challenge the legality of confinement must generally rely on a § 2255 motion to do so." Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). But under the "savings clause" or "escape hatch" of § 2255(e), a federal prisoner may seek relief under § 2241 "if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Id. (citation omitted).

The Ninth Circuit has held that a federal prisoner may file a § 2241 petition under the escape hatch of § 2255(e) when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006). The circuit consequently held that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." Marrero, 682 F.3d at 1195. But it also left open whether to endorse any of the other exceptions recognized in other circuits, including where the petitioner is factually innocent of his prior convictions or argues that he was statutorily ineligible for the sentence he received. See id.

Under the circumstances, petitioner's claim that Carachuri-Rosendo entitles her to be re-sentenced without the career offender enhancement states at least an arguably cognizable claim for relief under § 2241 and merits an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se habeas petitions liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, upon respondent, respondent's attorney, the

United States Attorney for the Northern District of California, and the Attorney General of the United States in Washington, D.C. The clerk also shall serve a copy of this order upon petitioner.

2. Respondent shall file and serve upon petitioner, within sixty (60) days of this order, an answer responding to the allegations in the petition and showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer a copy of all documents that are relevant to a determination of the issues presented in the petition.

3. If petitioner wishes to respond to the answer, petitioner shall do so by filing a traverse and serving it upon respondent within thirty (30) days of his/her receipt of the answer.

SO ORDERED.

DATED: Oct. 13, 2015



CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.15\Strickland, N.15-3682.osc.wpd