IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA MARIE STRICKLAND,<br><br>    Petitioner,<br><br>vs.<br><br>ANDRE MATEVOUSIAN, Warden,<br><br>    Respondent. | No. C 15-3682 CRB (PR)<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |

Petitioner, a federal prisoner incarcerated at the Federal Correctional Institution in Dublin, California (FCI – Dublin), filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging a sentence imposed by the United States District Court for the Western District of North Carolina on the ground that her prior convictions no longer qualify her as a career offender.

Per order filed on October 10, 2015, the court found that the petition states an arguably cognizable claim for relief under § 2241 and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent has filed an answer/response and petitioner has filed a traverse/response.

**BACKGROUND**

On January 28, 2008, petitioner was convicted of interference with commerce by threat or violence in violation of 18 U.S.C. § 1951(b)(1) and (b)(3). She was sentenced as a career offender to 180 months imprisonment. Petitioner did not appeal.

On June 8, 2011, petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in the sentencing court, the United States District Court for the Western District of North Carolina, claiming ineffective assistance of counsel. But the sentencing court denied the § 2255 motion as untimely and the Fourth Circuit affirmed.

On October 23, 2012, petitioner filed a second or successive § 2255 motion in the sentencing court, which was dismissed without prejudice to her obtaining an order from the Fourth Circuit authorizing the filing of a second or successive § 2255 motion. The Fourth Circuit denied authorization to file a second or successive § 2255 motion.

On August 12, 2015, petitioner, now incarcerated at FCI – Dublin in this district, filed the instant petition for a writ of habeas corpus under § 2241 in this court.

## DISCUSSION

Petitioner claims that intervening change in the law by the Supreme Court's opinion in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), establishes that she is not a career offender for purposes of the federal career offender enhancement and entitles her to be re-sentenced without the career offender enhancement. Petitioner also claims that she is entitled to habeas relief under § 2241 because § 2255 "is inadequate and ineffective." Dkt. #1 (Pet.) at 5.

It is well established that a "federal prisoner who wishes to challenge the legality of confinement must generally rely on a § 2255 motion [in the sentencing court] to do so." Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). But under the "savings clause" or "escape hatch" of § 2255(e), a federal prisoner may seek relief under § 2241 "if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Id. (citation omitted).

The Ninth Circuit has held that a federal prisoner may file a § 2241 petition under the escape hatch of § 2255(e) when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006). The circuit consequently held that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." Marrero, 682 F.3d at 1195. But it also left open whether to endorse any of the other exceptions recognized in other circuits, including where the petitioner is factually innocent of his prior convictions or argues that he was statutorily ineligible for the sentence he received. See id.

The court need not decide whether petitioner meets the first Stephens requisite under one of the exceptions recognized in other circuits because it is clear that she does not meet the second Stephens requisite. In determining whether petitioner had an unobstructed procedural shot to pursue her claim, the court considers "(1) whether the legal basis for petitioner's claim did not arise until after [s]he had exhausted [her] direct appeal and first § 2255 motion; and (2) whether the law changed in a way relevant to petitioner's claim after that first § 2255 motion." Alaimaio v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (quoting Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008)) (internal quotation marks omitted). Here, the Supreme Court issued its decision in Carachuri-Rosendo v. Holder on June 14, 2010, nearly a year before petitioner filed her first § 2255 motion on June 8, 2011. It therefore cannot be said that petitioner's claim did not arise until after she had exhausted her direct appeal and first § 2255 motion. Nor can it be said that the law changed after petitioner's first § 2255 motion. Petitioner cannot qualify for the savings clause or escape hatch

of § 2255(e) because petitioner cannot establish that she did not have an unobstructed procedural shot at presenting her claim.  See Harrison, 519 F.3d at 961.  After all, petitioner could have brought a Carachuri-Rosendo claim in her first § 2255 motion filed on June 8, 2011 before the one-year limitation period ran on the new right she claims the Supreme Court announced in Carachuri-Rosendo on June 14, 2010.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 must be DENIED.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because petitioner has not demonstrated that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk is instructed to enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED: Jan. 13, 2016

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.15\Strickland, N.15-3682.denial.wpd